ADOLPH PILGER, complainant-respondent,

*v.*

UNITED STATES STEEL CORPORATION and PUBLIC TRUSTEE, defendants-appellants.

[Argued May term, 1925. Decided October 19th, 1925.]

1. An instrumentality of government, whether corporate or not, notwithstanding that it is created for purposes of the very greatest importance, is personally answerable for acts done under color of the authority conferred upon it, but, in fact, in excess of that authority and without legal justification.

2. The immunity of a sovereign against suits arising out of such unlawful acts does not extend to those who acted in its name, and cannot be set up by them as a bar to suits brought against them for the doing of such unlawful acts.

———————

On appeal from a decree in chancery advised by Vice-Chancellor Foster, whose opinion is reported in *97 N. J. Eq. 102.*

*Mr. John Milton* and *Mr. Frederick R. Coudert* (of the New York bar), for the appellant public trustee.

*Mr. Arthur H. Bissell, Mr. Boardman Wright* and *A. W. Lafferty* (of the New York bar), for the respondent, Adolph Pilger.

*Mr. Richard V. Lindabury, Mr. William Averall Brown* (of the New York bar) and *Mr. John W. Bishop, Jr.,* for the appellant United States Steel Corporation.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The complainant, a resident of Germany, filed his bill in this cause praying a decree against the defendant public trustee, adjudging that certain shares of stock of the United States Steel Corporation of New Jersey, purchased by him, the complainant, in 1914, and which were held for him by the Dresdner Bank, at its branch office in London, and which had been seized by the said defendant, a corporation sole of the United Kingdom of Great Britain and Ireland, and which, he avers, are wrongfully and unlawfully detained by said defendant, who refuses to deliver them to him, be surrendered and transferred to him by said defendant. To the complainant's bill the defendant, public trustee, filed an answer in the nature of a plea to the jurisdiction of the court, setting up that in seizing the stock certificates of the complainant and retaining them in his possession he was and is acting as the *alter ego* of the sovereign of Great Britain and Ireland; that the suit against him is, in its legal aspect, a suit against the sovereign himself; that a sovereign cannot be sued in any court without his consent; that the British sovereign has not consented to the prosecution of this present suit, and that, therefore, the court of chancery is without jurisdiction to hear and determine it. The complainant thereupon moved to strike out the answer on the ground that the fundamental allegation contained therein,

namely, that the suit in its essence is against the British government, was contrary to the fact and unsound in law; and, upon the conclusion of the hearing had upon this motion, an order was made striking out the answer for the reason that the claim of the public trustee was without legal merit. The appeal now before us is taken to review the validity of that order.

The contention made by the appellant, both in the court of chancery and before us, necessarily is that, although his present retention of the stock is not justified by the statute under which he was appointed public trustee or by the rules and regulations adopted thereunder (this being the conclusive inference to be drawn from the averment of the complainant's bill), and although the legal title thereto and the right of possession thereof is in the complainant, nevertheless, the doors of the courts of this state and of every other state and nation are closed against the latter, he cannot enforce his legal rights by judicial procedure, unless the public trustee or some other duly authorized representative of the British government consents that he shall do so.

Not only is this contention repugnant to the sense of judgment which dwells in the mind of every fair-minded man, but it is, in our opinion, without legal support. The public trustee is undoubtedly a governmental agency, and, to the extent that his acts are within the scope of the powers vested in him as such agent, it must be conceded that he is the representative of his government; that suits brought against him for the commission of such acts are, in legal effects, suits brought against the government itself, and that such suits cannot be maintained in the absence of governmental consent. In the present case, however, the averment of the bill is that the appellant wrongfully and unlawfully detains the stock certificates referred to therein and refuses to deliver them to the complainant, and this, as we view it, is tantamount to a declaration that he is not only acting outside of the scope of his authority, but in direct violation of the duties imposed upon him as such governmental agent. An instrumentality of government, whether corporate or not,

although created for purposes of the very greatest importance, does not cease to be personally answerable for acts done under color of the authority conferred upon it, but, in fact, in excess of that authority and without legal justification. The immunity of a sovereign against suits arising out of the unlawful acts of its representatives does not extend to those who acted in its name, and cannot be set up by them as a bar to suits brought against them for the doing of such unlawful acts. It was so held in the case of *Sloan Shipyard* v. *United States Fleet Corporation, 258 U. S. 567, 568,* and neither the research of counsel, nor our own examination of the later decisions of that tribunal, has brought to our attention any criticism of the doctrine there laid down. Its soundness, to our minds, is apparent.

We are not unmindful of the fact that counsel for the appellant, in his argument before us, asserted that the action of the public trustee in refusing to deliver the stock in question to the complainant, is not unlawful, but is fully justified, for the reason that in doing so he is acting within the powers conferred upon it by the British statute and the rules and regulations adopted thereunder, which have already been referred to. We are not, however, presently concerned with the legality of the appellant's action. Whether or not it is in fact justified is a matter to be determined on a final hearing on the merits, and has no bearing upon the single question presented by this appeal—that is, whether, on the basic fact exhibited in the bill of complaint, the court of chancery has jurisdiction to determine as against the appellant, the right of the respondent to the certificates of stock which are subject of the present litigation.

The order under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, JJ.   12.

*For reversal*—KATZENBACH, LLOYD, JJ.   2.